UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 08, 2026

SEAN F. McAVOY, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>102.38 ACRES OF LAND, MORE OR LESS, SITUATED IN GRANT COUNTY, STATE OF WASHINGTON; JEFF T. and LYNN M. DIERINGER, husband and wife; MARK J. and CHRISTI DIERINGER, husband and wife; JOSE G. VILLANUEVA; and EPIFANIA O. MERCADO,<br><br>Defendants. | No. 2:22-CV-00111-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration, ECF No. 187. Plaintiff is represented by Derek T. Taylor, Emma Hollowell, Seth Mohney, and Joshua Fliegel. Defendants are represented by Kevin A. Bay and Julia Fleming. The motion was considered without oral argument.

**Legal Framework**

Reconsideration is an "extraordinary remedy" that should be used sparingly. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration of a prior order is proper if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The presence of highly unusual, circumstances may also warrant

**ORDER DENYING MOTION FOR RECONSIDERATION** #1

reconsideration." *Id*. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

**Analysis**

Here, Plaintiff does not allege newly discovered evidence or an intervening change in controlling case law but rather asserts that the Court committed error by excluding the testimony of Plaintiff's rebuttal witness Mark Grant. However, the Court excluded Mr. Grant's testimony because his testimony was not relevant or necessary given the actual progress of the trial: Mr. Grant was clearly identified as a rebuttal expert to defense expert Brian O'Connor, *see* ECF No.16, however, Mr. O'Connor was not called as a witness at the trial and there was therefore nothing to rebut. Furthermore, Mr. Grant was not listed as a rebuttal expert to the testimony of Defendant Mark Dieringer, who was the only defense witness to testify.

Plaintiff has been given the opportunity to revisit the issue of the "larger parcel" analysis at a hearing scheduled for May 14, 2026. Mr. Grant may or may not be a witness available to Plaintiff if he is identified properly given the issues remaining for trial. In light of these circumstances, the motion for reconsideration is **denied**.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion for Reconsideration, ECF No. 187, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of April 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION** #2